## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

**Janice Stewart, Individually, and as Admin.**
**of the Estate of Bruce Norris, Deceased, et. al.,**

                              **Plaintiffs,**
             **v.**

**Commonwealth of Pennsylvania,**
                                                          **CIVIL ACTION**
**and**                                                   **No. 23-cv-00295**

**Tom Wolf,**                                             **JURY TRIAL DEMANDED**

**and**

**John Fetterman,**

**and**

**Brandon Flood,**

                              **Defendants.**

---

## COMPLAINT

Plaintiffs, Janice Stewart, individually and as Administrator of the Estate of Bruce Norris, Deceased, and the Estate of Bruce Norris, by and through their undersigned counsel, the Law Office of J. Conor Corcoran, P.C., hereby allege as follows:

## PARTIES

1.      Plaintiff, Janice Stewart, Individually, and as Administrator of the Estate of Bruce Norris, Deceased, is an adult individual regularly conducting business at 212 E. Mount Pleasant Avenue, Phila., PA 19119.  At any and all times relevant herein, Plaintiff Janice Stewart is and was the daughter of Bruce Norris, the decedent, as further set forth at length *infra*.

2.      Plaintiff Estate of Bruce Norris is an estate currently being administered by Plaintiff Janice Stewart, *supra*, and/or currently being administrated with a principal place of business located at 212 E. Mount Pleasant Avenue, Phila., PA 19119, created as a function of law and as a consequence

of the death of Bruce Norris, the decedent herein, on or about January 30, 2021, as set forth *infra*.

3.      Defendant Commonwealth of Pennsylvania and/or its Board of Pardons and/or Department of Corrections (hereinafter "Defendant Commonwealth") is a Commonwealth, state, political subdivision, governmental entity and/or state administrative agency and/or executive office branch, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at the Pennsylvania Board of Pardons, 333 Market Street, 15th Floor, Harrisburg, PA 17126 and/or SCI Phoenix, 1200 Mokychic Road, Collegeville, PA 19426.

4.      Defendant Tom Wolf (hereinafter "Wolf") is an adult individual and resident of the Commonwealth of Pennsylvania with a principal place of business located at 200 S. Broad Street, 11th Floor, Philadelphia, PA 19102, and at any and all times relevant, was the Governor of Pennsylvania acting under the color of state law pursuant to official policy, custom and/or practice of Defendant Commonwealth, and is being sued in his individual and official capacity.

5.      Defendant John Fetterman (hereinafter "Fetterman") is an adult individual and resident of the Commonwealth of Pennsylvania with a principal place of business located at 200 Chestnut Street, Suite 600, Philadelphia, PA 19106, and at any and all times relevant, was the Lieutenant Governor of Pennsylvania and the Chairman of Defendant Commonwealth's Board of Pardons, acting under the color of state law pursuant to official policy, custom and/or practice of Defendant Commonwealth, and is being sued in his individual and official capacity.

6.      Defendant Brandon Flood (hereinafter "Flood") is an adult individual and resident of the Commonwealth of Pennsylvania with a principal place of business located at the Pennsylvania Board of Pardons, 333 Market Street, 15th Floor, Harrisburg, PA 17126, and at any and all times relevant, was the Secretary of Defendant Commonwealth's Board of Pardons, acting under the color of state law pursuant to official policy, custom and/or practice of Defendant Commonwealth, and is being sued in his individual and official capacity.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as Plaintiffs' claims arise under the Fourth, and/or Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found in, reside, or transact business in this District.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims set forth herein *infra* occurred in this District.

## MATERIAL FACTS

10.     As of December 19, 2020, Bruce Norris, the decedent herein, had been incarcerated for

approximately forty-five (45) years, largely at Graterford prison in a single cell, whereupon he was later incarcerated at SCI Phoenix, 1200 Mokychic Drive, Collegeville, PA 19426.

11.     On December 19, 2020, Bruce Norris' application for pardon and/or clemency and/or commutation of his prison sentence was approved by Defendants Commonwealth (and its Board of Pardons, in particular), Fetterman and/or Flood.

12.     As of December 19, 2020, Defendants Commonwealth (and its Board of Pardons), Fetterman and/or Flood were therefore responsible for the effectuation of Bruce Norris' successful application for clemency and/or commutation and/or parole, and in particular, for effectuating his actual release from custody in SCI Phoenix, through *inter alia* having an Order of Release and/or official Pardon executed and issued by Defendant Wolf to all parties hereto.

13.     As of December 19, 2020, Defendants knew or had reason to know that Bruce Norris was at risk of being infected with the Covid-19 virus and/or dying from the same, given that human beings incarcerated in the Defendants' prisons were catching the virus at a rate approximately three (3) times that of the Defendants' free constituents in Pennsylvania.

14.     As of December 19, 2020, Defendants knew or had reason to know that Bruce Norris was at risk of being infected with the Covid-19 virus and/or dying from the same, given Bruce Norris' personal medical history and/or his current medical condition and/or his record of comorbidities.

15.     After December 19, 2020, while awaiting the Defendants to process the pardon/clemency/commutation paperwork for Defendant Wolf's signature and Order, Bruce Norris became infected with the Covid-19 virus while incarcerated inside a two person cell at SCI Phoenix, and he died on or about January 30, 2021.

16.     Upon information and belief, Bruce Norris had been regularly incarcerated within a one person cell, but was moved into and/or kept within a two person cell, despite Defendants' preexisting knowledge of his comorbidities, and/or his current health condition, and/or the virulence and/or highly contagious character of the Covid-19 virus for incarcerated people in the Defendants' prisons, such as SCI Phoenix.

17.     At any and all times relevant, and from December 19, 2020 until January 30, 2021 in particular, Defendants were responsible for timely effectuating Bruce Norris' release from SCI Phoenix but manifestly failed to do so, and the Defendants' actions and/or inactions concerning their individual and collective failure(s) to timely effectuate Bruce Norris' release transmogrified every day of his continued incarceration into a constitutionally impermissible, cruel and unusual punishment and/or sentence, in abrogation of *inter alia* the Fourth, Fifth, Eighth and/or Fourteenth Amendment(s), and one manifestly bereft of substantive and/or procedural due process.

18.     As of January 30, 2021, Defendants knew and/or should have known that they should have moved faster and/or could have moved faster in timely effectuating Bruce Norris' release from SCI Phoenix, and a spokesperson for Defendant Wolf confessed as much in an interview with the

Philadelphia Inquirer published on January 30, 2021 (a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit A</u>) that "Given the success of efforts to increase the number of (pardon) applications, without additional resources and staff there is no ability to process the recommendations any faster.  The administration has increased the number of staff…more needs to be done."  *See* <u>Exhibit A</u>.

19.      In fact, the Defendants had an established record of otherwise expeditiously processing the release of pardoned inmates like Bruce Norris (as Defendant Wolf approved six pardons in 2019 within fifty (50) days, three (3) of which he signed and issued within just thirty-two (32) days) and/or as evidenced by the Defendants' compassionate release program during the Covid-19 pandemic, in which the Defendants expeditiously released certain prisoners from custody on humanitarian and/or health grounds, with and/or without the necessity of the administrative prerequisites of the usual Board of Pardons' clemency, pardon and/or commutation procedures, and/or the Defendants' expedited pardon program for nonviolent, marijuana criminal convictions.

20.      In an interview with WHYY, published and/or broadcast on February 12, 2021 (a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit B</u>), Defendant Fetterman confessed that he was "personally devastated" by the death of Bruce Norris, and that "The governor and I discussed (Bruce Norris's death) and…it's a priority that he wants to get it streamlined…That was his exact word, he said, 'We've got to streamline this.'"  *See* <u>Exhibit B</u>.

21.      At the time of his death, Bruce Norris was at least the 94th human being to be killed by the Covid-19 virus in the Defendants' prisons, and at least the 12th death from Covid-19 at SCI Phoenix.

22.      Upon information, belief, and all of the foregoing, the death of Bruce Norris was an entirely preventable catastrophe, given all Defendants' preexisting knowledge of his personal condition, the dangers presented by the Covid-19 virus to prisoners like Bruce Norris, and their own explicit knowledge of and operation of an erratic and sclerotic system for pardons, commutations and clemencies, one desperately in need of expeditious repair for the timely processing of pardons for Defendant Wolf's signature, and/or the expeditious release of individuals like Bruce Norris, who were just as qualified for an expeditious release (if not more so) than individuals contemporaneously released by the Defendants pursuant to their Covid-19 compassionate release or expedited marijuana programs, and the failure of the Defendants to address these preexisting, structural deficits, constituted deliberate indifference to the due process rights of Bruce Norris and/or Plaintiffs herein.

23.      At any and all times material hereto, Defendants were responsible for adopting and enforcing administrative regulations, rules, policies and directives regarding the conduct and deportment of members of the their respective agencies and/or staffs, including but not limited to the Board of Pardons and/or the Lt. Governor's Office and/or the Governor's Office, with specific emphasis on matters of executing Orders for the release of prisoners, like Bruce Norris, in a timely fashion, particularly during the Covid-19 pandemic.

24.      At any and all times material hereto, Defendants' informal policies regarding the processing

of Orders for release were woefully and knowingly inadequate, as confessed by Defendant Wolf's spokesperson in <u>Exhibit A</u> and Defendant Fetterman in <u>Exhibit B</u>, and the Defendants instead acquiesced to the operation of a minimal amount of chronological oversight for the processing of the same.

25.     At any and all times material hereto, Defendants' oral policies regarding the processing of Orders for release were woefully and knowingly inadequate, as confessed by Defendant Wolf's spokesperson in <u>Exhibit A</u> and Defendant Fetterman in <u>Exhibit B</u>, and the Defendants instead acquiesced to the operation of a minimal amount of chronological oversight for the processing of the same.

26.     At any and all times material hereto, Defendants' written policies regarding the processing of Orders for release were woefully and knowingly inadequate, as confessed by Defendant Wolf's spokesperson in <u>Exhibit A</u> and Defendant Fetterman in <u>Exhibit B</u>, and the Defendants instead acquiesced to the operation of a minimal amount of chronological oversight for the processing of the same.

27.     At any and all times material hereto, and in particular under the circumstances of the Covid-19 pandemic, the Defendants' informal, oral and/or written policies wrought clearly foreseeable, and preventable, serious bodily injuries and death upon Bruce Norris.

28.     At any and all times material hereto, Defendants' informal, oral and/or written policies and/or directives and/or Orders provided that its officers, agents and/or staff members shall not discharge their duties in a fashion that denies the substantive and/or procedural due process rights of incarcerated human beings like Bruce Norris, nor his right to be free from cruel and unusual punishment.

29.     At any and all times material hereto, Defendants' informal, oral and/or written policies and/or directives and/or Orders provided that its officers, agents and/or staff members should ensure their actions and/or inactions do not herald the denial of the substantive and/or procedural due process rights of incarcerated human beings like Bruce Norris, nor his right to be free from cruel and unusual punishment.

30.     As of January 30, 2021, Defendants were capable of timely and/or expeditiously processing Bruce Norris' parole approval, from the Board of Pardons to Governor Wolf's desk, but simply failed to do so, despite their long standing knowledge that the bureaucratic mechanisms for so doing were woefully defective, to the detriment of the substantive and/or procedural due process rights of incarcerated human beings like Bruce Norris, to say nothing of his right to be free from cruel and unusual punishment.

31.     The Defendants' individual and/or collective failure to ensure Bruce Norris' timely release, particularly given their preexisting knowledge of the erratic and sclerotic bureaucratic mechanisms for effectuating the same, and particularly during the Covid-19 pandemic when said Defendants were expediting the compassionate release of other incarcerated human beings, constitutes

deliberate indifference to the civil rights of Bruce Norris otherwise guaranteed by the 4th, 5th, 8th, and/or 14th Amendments to the United States Constitution.

32.     Bruce Norris, the Plaintiff, and their immediate family members, his friends, and his associates were anticipating his release from SCI Phoenix with great relish and anticipation, and Bruce Norris had every expectation of thereafter living a full and complete life with his friends and family and associates, who had made extensive arrangements for his introduction to and robust participation in society, including but not limited to further education, housing, employment, and/or normal daily and social activities.

33.     The Plaintiffs are not asserting any supplemental state law causes of action in this instant matter whatsoever.

## COUNT I – CIVIL RIGHTS
### 42 U.S.C. § 1983 et. seq. & Fourth Amendment to the U.S. Constitution
### Plaintiffs
### v.
### Defendants Commonwealth, Wolf, Fetterman and Flood

34.     Averments 1 through 33 are hereby incorporated as though fully set forth herein at length.

35.     Defendant Commonwealth (and/or its Board of Pardons) is a state governmental entity that is subject to suit pursuant to 42 U.S.C. § 1983.

36.     Defendant Commonwealth's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

37.     Defendant Wolf's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

38.     Defendant Fetterman's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

39.     Defendant Flood's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

40.     At any and all times material hereto, Defendants Commonwealth, Wolf, Fetterman and/or Flood acted under the color of state law.

41.     All Defendants herein violated Decedent Bruce Norris' Fourth Amendment right to be secure in his person against unreasonable seizure.

42.     At any and all times material hereto, Defendants were deliberately indifferent to Bruce Norris' Fourth Amendment right to be secure in his person against unreasonable seizure.

43.     At any and all times material hereto, Defendants knew that Bruce Norris' right to be secure against unreasonable seizure was a clearly established constitutional right.

44.     Nonetheless, Defendants unreasonably and unjustifiably restricted Plaintiff's constitutional right to be free of unreasonable seizure by abandoning their obligation to ensure his timely and/or expeditious release from SCI Phoenix, as aforementioned.

45.     As a direct and proximate result of the Defendants' individual, collective, unreasonable, unjustifiable, and unconstitutional actions and/or inactions, the Plaintiffs' decedent was caused to suffer the injuries and damages described in averments 1 through 33, *supra*.

WHEREFORE, Plaintiffs demand judgment against Defendants Commonwealth, Wolf, Fetterman, and Flood, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT II – CIVIL RIGHTS - § 1983/Monell/4[th] Amendment
### Plaintiffs
### v.
### Defendant Commonwealth

46.     Plaintiffs hereby incorporate averments 1 through 45 as though fully set forth herein at length.

47.     The actions and/or inactions as set forth *supra* and herein evinces the excessive, unreasonable, and deliberate indifference to Bruce Norris' Fourth Amendment rights on the part of the Defendant.

48.     The actions and/or inactions as set forth above and herein demonstrates that Defendant Commonwealth failed to provide training and/or failed to properly train its agents, servants, employees and/or workmen, including but not limited to Defendants Wolf, Fetterman and Flood, on the exercise of timely bureaucratic mechanisms to release Bruce Norris from custody.

49.     The actions and/or inactions as set forth *supra* indicates that Defendant Commonwealth failed to enforce its informal, oral and/or written policies regarding the exercise of timely bureaucratic mechanisms to release Bruce Norris from custody, which differed and/or was contrary to their informal, oral and/or written policies regarding the timely exercise of bureaucratic mechanisms for Bruce Norris' release from custody, and/or had an unwritten policy or custom that authorized and/or sanctioned agents, officers, servants, employees and/or workmen to not follow their informal, oral and/or written policies regarding the timely exercise of bureaucratic mechanisms for Bruce Norris' release from custody, that deprived Plaintiffs' decedent, Bruce Norris, of his

constitutional right.

50.     The actions and/or inactions as set forth *supra* indicates that Defendant Commonwealth had inappropriate and/or defective policies, procedures, customs and practices with respect to the timely exercise of bureaucratic mechanisms to effectuate the directive of the Board of Pardons and/or the release of Bruce Norris, that deprived Plaintiffs' decedent, Bruce Norris, of his constitutional right.

WHEREFORE, Plaintiffs demand judgment against Defendant Commonwealth, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT III – CIVIL RIGHTS
### 42 U.S.C. § 1983 et. seq. & Fifth Amendment to the U.S. Constitution
### Plaintiffs
### v.
### Defendants Commonwealth, Wolf, Fetterman and Flood

51.     Averments 1 through 50 are hereby incorporated as though fully set forth herein at length.

52.     Defendant Commonwealth (and/or its Board of Pardons) is a state governmental entity that is subject to suit pursuant to 42 U.S.C. § 1983.

53.     Defendant Commonwealth's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

54.     Defendant Wolf's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

55.     Defendant Fetterman's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

56.     Defendant Flood's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

57.     At any and all times material hereto, Defendants Commonwealth, Wolf, Fetterman and/or Flood acted under the color of state law.

58.     All Defendants herein violated Decedent Bruce Norris' Fifth Amendment right to be free from being subject for the same offence to be twice put in jeopardy of his life or limb, and/or the deprivation of his life or his liberty, without due process of law.

59.     At any and all times material hereto, Defendants were deliberately indifferent to Bruce

Norris' Fifth Amendment rights to be free from being subject for the same offence to be twice put in jeopardy of his life or limb, and/or the deprivation of his life or his liberty, without due process of law.

60.     At any and all times material hereto, Defendants knew that Bruce Norris' double jeopardy and/or substantive and/or procedural due process rights under the Fifth Amendment was and/or were clearly established constitutional right(s).

61.     Nonetheless, Defendants unreasonably and unjustifiably restricted Plaintiff's constitutional right(s) to be free of double jeopardy and/or due process violations, by abandoning their obligation to ensure his timely and/or expeditious release from SCI Phoenix, as aforementioned.

62.     As a direct and proximate result of the Defendants' individual, collective, unreasonable, unjustifiable, and unconstitutional actions and/or inactions, the Plaintiffs' decedent was caused to suffer the injuries and damages described in averments 1 through 33, *supra*.

         WHEREFORE, Plaintiffs demand judgment against Defendants Commonwealth, Wolf, Fetterman, and Flood, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT IV – CIVIL RIGHTS - § 1983/Monell/5th Amendment
### Plaintiffs
### v.
### <u>Defendant Commonwealth</u>

63.     Plaintiffs hereby incorporate averments 1 through 62 as though fully set forth herein at length.

64.     The actions and/or inactions as set forth *supra* and herein evinces the excessive, unreasonable, and deliberate indifference to Bruce Norris' Fifth Amendment rights on the part of the Defendant.

65.     The actions and/or inactions as set forth above and herein demonstrates that Defendant Commonwealth failed to provide training and/or failed to properly train its agents, servants, employees and/or workmen, including but not limited to Defendants Wolf, Fetterman and Flood, on the exercise of timely bureaucratic mechanisms to release Bruce Norris from custody.

66.     The actions and/or inactions as set forth *supra* indicates that Defendant Commonwealth failed to enforce its informal, oral and/or written policies regarding the exercise of timely bureaucratic mechanisms to release Bruce Norris from custody, which differed and/or was contrary to their informal, oral and/or written policies regarding the timely exercise of bureaucratic

mechanisms for Bruce Norris' release from custody, and/or had an unwritten policy or custom that authorized and/or sanctioned agents, officers, servants, employees and/or workmen to not follow their informal, oral and/or written policies regarding the timely exercise of bureaucratic mechanisms for Bruce Norris' release from custody that deprived Plaintiffs' decedent, Bruce Norris, of his constitutional right(s).

67.    The actions and/or inactions as set forth *supra* indicates that Defendant Commonwealth had inappropriate and/or defective policies, procedures, customs and practices with respect to the timely exercise of bureaucratic mechanisms to effectuate the directive of the Board of Pardons and/or the release of Bruce Norris, that deprived Plaintiffs' decedent, Bruce Norris, of his constitutional right(s).

WHEREFORE, Plaintiffs demand judgment against Defendant Commonwealth, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT V – CIVIL RIGHTS
### 42 U.S.C. § 1983 et. seq. & Eighth Amendment to the U.S. Constitution
### Plaintiffs
### v.
### Defendants Commonwealth, Wolf, Fetterman and Flood

68.    Averments 1 through 67 are hereby incorporated as though fully set forth herein at length.

69.    Defendant Commonwealth (and/or its Board of Pardons) is a state governmental entity that is subject to suit pursuant to 42 U.S.C. § 1983.

70.    Defendant Commonwealth's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

71.    Defendant Wolf's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

72.    Defendant Fetterman's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

73.    Defendant Flood's constitutional torts, as aforementioned *supra*, are not governed or limited in any way by 42 Pa.C.S.A § 8541 et. seq., or 42 Pa.C.S.A. § 8521 et. seq.

74.    At any and all times material hereto, Defendants Commonwealth, Wolf, Fetterman and/or Flood acted under the color of state law.

75.     Upon information and belief, as of the date of the aforementioned decision of the Board of Pardons on December 19, 2020, the Defendants possessed the ability to make arrangements for Bruce Norris' immediate release on bail pending final disposition of the Parole Order from Defendant Wolf, but failed to do so.

76.     Upon information and belief, as of the date of the aforementioned decision of the Board of Pardons on December 19, 2020, and every day thenceforth through the date of Bruce Norris' death, the Defendants' actions and/or inactions concerning their individual and collective failure(s) to timely effectuate Bruce Norris' release transmogrified every day of his continued incarceration into a constitutionally impermissible, cruel and unusual punishment and/or sentence, in abrogation of the Eighth Amendment and his rights to substantive and procedural due process.

77.     All Defendants herein violated Decedent Bruce Norris' Eighth Amendment right to be free from excessive bail and/or cruel and unusual punishment.

78.     At any and all times material hereto, Defendants were deliberately indifferent to Bruce Norris' Eighth Amendment rights to be free from excessive bail and/or cruel and unusual punishment.

79.     At any and all times material hereto, Defendants knew that Bruce Norris' rights to be free from excessive bail and/or cruel and unusual punishment under the Eighth Amendment was and/or were clearly established constitutional right(s).

80.     Nonetheless, Defendants unreasonably and unjustifiably restricted Plaintiff's constitutional right(s) to be free from excessive bail and/or cruel and unusual punishments, by abandoning their obligation to ensure his timely and/or expeditious release from SCI Phoenix, as aforementioned.

81.     As a direct and proximate result of the Defendants' individual, collective, unreasonable, unjustifiable, and unconstitutional actions and/or inactions, the Plaintiffs' decedent was caused to suffer the injuries and damages described in averments 1 through 33, *supra*.

        WHEREFORE, Plaintiffs demand judgment against Defendants Commonwealth, Wolf, Fetterman, and Flood, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

### COUNT VI – CIVIL RIGHTS - § 1983/Monell/8[th] Amendment
**Plaintiffs**
**v.**
**Defendant Commonwealth**

82.     Plaintiffs hereby incorporate averments 1 through 81 as though fully set forth herein at

length.

83.      Upon information and belief, as of the date of the aforementioned decision of the Board of Pardons on December 19, 2020, the Defendants possessed the ability to make arrangements for Bruce Norris' immediate release on bail pending final disposition of the Parole Order from Defendant Wolf, but failed to do so.

84.      Upon information and belief, as of the date of the aforementioned decision of the Board of Pardons on December 19, 2020, and every day thenceforth through the date of Bruce Norris' death, the Defendants' actions and/or inactions concerning their individual and collective failure(s) to timely effectuate Bruce Norris' release transmogrified every day of his continued incarceration into a constitutionally impermissible, cruel and unusual sentence and/or punishment, in abrogation of the Eighth Amendment, and one otherwise bereft of substantive and/or procedural due process.

85.      The actions and/or inactions as set forth *supra* and herein evinces the excessive, unreasonable, and deliberate indifference to Bruce Norris' Eighth Amendment rights on the part of the Defendant.

86.      The actions and/or inactions as set forth above and herein demonstrates that Defendant Commonwealth failed to provide training and/or failed to properly train its agents, servants, employees and/or workmen, including but not limited to Defendants Wolf, Fetterman and Flood, on the exercise of timely bureaucratic mechanisms to release Bruce Norris from custody.

87.      The actions and/or inactions as set forth *supra* indicates that Defendant Commonwealth failed to enforce its informal, oral and/or written policies regarding the exercise of timely bureaucratic mechanisms to release Bruce Norris from custody, which differed and/or was contrary to their informal, oral and/or written policies regarding the timely exercise of bureaucratic mechanisms for Bruce Norris' release from custody, and/or had an unwritten policy or custom that authorized and/or sanctioned agents, officers, servants, employees and/or workmen to not follow their informal, oral and/or written policies regarding the timely exercise of bureaucratic mechanisms for Bruce Norris' release from custody that deprived Plaintiffs' decedent, Bruce Norris, of his constitutional right(s).

88.      The actions and/or inactions as set forth *supra* indicates that Defendant Commonwealth had inappropriate and/or defective policies, procedures, customs and practices with respect to the timely exercise of bureaucratic mechanisms to effectuate the directive of the Board of Pardons and/or the release of Bruce Norris, that deprived Plaintiffs' decedent, Bruce Norris, of his constitutional right(s).

WHEREFORE, Plaintiffs demand judgment against Defendant Commonwealth, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiff hereby certifies pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs claim alleges a violation of rights secured by the U.S. Constitution.

**COUNT VII – CIVIL RIGHTS**
**42 U.S.C. § 1983 et. seq. & Fourteenth Amendment to the U.S. Constitution**
**Plaintiffs**
**v.**
**Defendants Commonwealth, Wolf, Fetterman and Flood**

89.     Plaintiffs hereby incorporated averments 1 through 88 as though fully set forth herein at length.

90.     The actions and/or inactions of Defendants Commonwealth, Wolf, Fetterman and/or Flood violated Bruce Norris' Fourteenth Amendment right to bodily integrity and freedom from physical restraint.

91.     The actions and/or inactions of Defendants Commonwealth, Wolf, Fetterman and/or Flood violated Bruce Norris' Fourteenth Amendment right to be free from the making and/or enforcement of any law which abridges his privileges or immunities as a citizen of the United States, including but not limited to the clemency, commutation, and/or parole laws and administrative procedures of the Commonwealth of Pennsylvania, and/or the executive branch thereof.

92.     The actions and/or inactions of Defendants Commonwealth, Wolf, Fetterman and/or Flood violated Bruce Norris' Fourteenth Amendment right to be free from the deprivation of his life and his liberty without due process of law.

93.     The actions and/or inactions of Defendants Commonwealth, Wolf, Fetterman and/or Flood violated Bruce Norris' Fourteenth Amendment right to benefit from the equal protection of the laws of the United States and/or the Commonwealth of Pennsylvania, including but not limited to the clemency, commutation, and/or parole laws and procedures of the Commonwealth of Pennsylvania, and the executive branch thereof, and/or the Defendants' Covid-19 compassionate release and/or expedited marijuana parole program, concerning incarcerated human beings like the decedent.

94.     Defendants Commonwealth, Wolf, Fetterman and/or Flood knew that all of Plaintiff's aforementioned civil rights were clearly established constitutional right(s).

95.     The Defendants' actions and/or inactions set forth *supra* and herein demonstrates that the harm caused to Bruce Norris was a foreseeable and fairly direct result of Defendants' conduct.

96.     The Defendants' actions and/or inactions set forth *supra* and herein demonstrates that Defendants acted with deliberate indifference and conscious disregard of the great risk of serious harm to Bruce Norris.

97.     The Defendants' actions and/or inactions as set forth *supra* and herein was so egregious as to shock the conscience.

13

98.     The Defendants' actions and/or inactions as set forth *supra* and herein demonstrates that Defendants unreasonably and unjustifiably targeted and/or neglected Bruce Norris and placed him in a foreseeably dangerous position.

99.     The Defendants' actions and/or inactions as set forth *supra* and herein demonstrates that Defendants' actions and/or inactions affirmatively created an opportunity that otherwise would not have existed for harm to Bruce Norris to occur.

100.    As a direct and proximate result of Defendants Commonwealth, Wolf, Fetterman and/or Flood's deliberately indifferent and conscious-shocking actions and/or inactions, Plaintiff was caused to suffer the injuries and damages described in averments 1 through 33, *supra*.

        WHEREFORE, Plaintiffs demand judgment against Commonwealth, Wolf, Fetterman and/or Flood, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT VIII – CIVIL RIGHTS- § 1983/Monell/14th Amendment
### Plaintiffs
### v.
### Defendant Commonwealth

101.    Plaintiffs hereby incorporate averments 1 through 100 as though fully set forth herein at length.

102.    The actions and/or inactions as set forth *supra* and herein evinces the excessive, unreasonable, and deliberate indifference to Bruce Norris' Fourteenth Amendment rights on the part of the Defendant.

103.    The actions and/or inactions as set forth *supra* and herein demonstrates that Defendant Commonwealth failed to properly train its agents, employees, servants, and workmen (including but not limited to Defendants Wolf, Fetterman and Flood) which deprived Bruce Norris of his constitutional rights.

104.    The actions and/or inactions as set forth *supra* and herein indicates that Defendant Commonwealth failed to enforce its informal, oral and/or written policies regarding the timely effectuation of bureaucratic mechanisms for Bruce Norris' release and/or had an unwritten policy or custom regarding the timely effectuation of bureaucratic mechanisms for Bruce Norris' release that differed and/or was contrary to the Defendants' informal, oral and/or written policies regarding the timely effectuation of bureaucratic mechanisms for Bruce Norris' release and/or had an unwritten policy or custom that authorized and/or sanctioned its agents, employees, servants, and workmen (including Defendants Wolf, Fetterman and/or Flood) to not follow their informal, oral and/or

written policies regarding the timely effectuation of bureaucratic mechanisms for Bruce Norris' release, which deprived Bruce Norris of his constitutional rights.

105.    The actions and/or inactions as set forth *supra* and herein indicates that Defendant Commonwealth knowingly had erratic, dysfunctional, sclerotic, ineffective, nonfunctioning, and/or inappropriate policies, procedures, customs and practices with respect to the timely effectuation of bureaucratic mechanisms for Bruce Norris' release that deprived Bruce Norris of his constitutional rights.

        WHEREFORE, Plaintiffs demand judgment against Defendant Commonwealth, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest.  Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## COUNT IX – AMERICANS WITH DISABILITIES ACT (A.D.A.)
### 42 U.S.C. § 12101 et. seq.
### Plaintiff
### v.
### Defendants Commonwealth, Wolf, Fetterman and Flood

106.    Plaintiffs hereby incorporate averments 1 through 105 as though fully set forth herein at length.

107.    Title II of the A.D.A.  bars public entities and/or publicly employed individuals from excluding qualified individuals with disabilities from its services, programs, or activities, or otherwise subjecting them to discrimination, and requires public entities and/or publicly employed individuals to make reasonable accommodations for an individual's disabilities.

108.    Bruce Norris was a qualified individual with a disability or disabilities under the meaning of the A.D.A., including but not limited to such disabilities arising from his Covid-19 infection at the hands of Defendant Commonwealth's Department of Corrections and/or SCI Phoenix.

109.    Access to medical treatment and safe conditions of confinement are programs or services that Defendant Commonwealth's prisons, such as SCI Phoenix, must provide to incarcerated people for the purposes of the A.D.A.

110.    Access to timely effectuation of the clemency/parole/commutation process by Defendants herein is a program or service that said Defendants must provide to incarcerated people for the purposes of the A.D.A.

111.    Defendants discriminated against people with disabilities, like decedent Bruce Norris herein, by denying him reasonable accommodations, in accordance with CDC and/or Pennsylvania Department of Public Health and/or Board of Pardons and/or Department of Corrections and/or

administrative guidelines, that are necessary to protect themselves from Covid-19 and/or the full benefit of the clemency/parole/commutation process.

WHEREFORE, Plaintiffs demand judgment against Defendant Commonwealth, and compensatory damages, jointly and severally, together with punitive damages, attorney's fees and costs, and pre and post judgment interest. Plaintiffs hereby certify pursuant to Local Civil Rule 53.2(3) that the value of the Plaintiffs' claim is in excess of $150,000 exclusive of interest and costs, and that Plaintiffs' claim alleges a violation of rights secured by the U.S. Constitution.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against all Defendants for damages to be determined at trial by jury in excess of $150,000, and for all other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMANDED

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   January 24, 2023          By:    J. Conor Corcoran, Esquire
2601 Pennsylvania Avenue
Suite 501
Philadelphia, PA 19130
T:  (215) 735-1135
F:  (215) 735-1175
E:  conor@jccesq.com
*Attorney for Plaintiffs*

16

## <u>CERTIFICATE OF SERVICE</u>

I, J. Conor Corcoran, hereby certify that a true and correct copy of the foregoing Complaint was sent to the following as further set forth herein:

Stephen R. Kovatis, Esq.
Attorney for Defendants Commonwealth, Wolf, Fetterman and Flood
VIA ECF AND EMAIL:  skovatis@attorneygeneral.gov

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   January 24, 2023          By:   J. Conor Corcoran, Esquire
2601 Pennsylvania Avenue
Suite 501
Philadelphia, PA 19130
T:  (215) 735-1138
F:  (215) 735-1175
E:  conor@jccesq.com
*Attorney for Plaintiffs*